1   PROSKAUER ROSE LLP
    Shawn S. Ledingham, Jr. (SBN 275268)
2   sledingham@proskauer.com
    2029 Century Park East, Suite 2400
3   Los Angeles, CA 90067-3010
    Telephone: (310) 557-2900
4   Facsimile: (310) 557-2193

5   Baldassare Vinti (*pro hac vice* forthcoming)
    bvinti@proskauer.com
6   Jennifer Yang (*pro hac vice* forthcoming)
    jyang@proskauer.com
7   Eleven Times Square
    New York, NY 10036-8299
8   Telephone: (212) 969-3000
    Facsimile: (212) 969-2900

9
    *Attorneys for Defendant Church & Dwight Co.,*
10  *Inc.*

11

12                  **UNITED STATES DISTRICT COURT**
13        **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

14  DAVONTAYA JOHNSON,
    individually, and on behalf of all others        Case No.5:25-cv-02409
15  similarly situated,
                                                     **NOTICE OF REMOVAL OF ACTION**
16          *Plaintiff,*                             **PURSUANT TO 28 U.S.C. §§ 1332, 1441,**
                                                     **AND 1446**
17              v.
                                                     San Bernardino Superior Court Action Case
18  CHURCH & DWIGHT CO. INC.,                        No. CIVSB2521769
19          *Defendant.*                             Action Filed: July 28, 2025
20                                                   Trial Date: Not Set
21
22
23
24
25
26
27
28

    NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant **CHURCH & DWIGHT CO., INC.** ("Defendant" or "Church & Dwight") hereby removes the above-captioned action to this Court based upon the supporting grounds set forth below. Defendant, appearing solely for the purpose of this removal and for no other purpose, and preserving all defenses available, including, without limitation, jurisdictional defenses, states as follows:

## THE REMOVED CASE/STATE COURT PLEADINGS

1.    On or about July 28, 2025, Plaintiff Davontaya Johnson ("Plaintiff") commenced this action in the Superior Court of California, County of San Bernardino, captioned *Davontaya Johnson v. Church & Dwight Co. Inc.*, Case No. CIVSB2521769.  *See* Plaintiff's Complaint, annexed as Exhibit A.

2.    Plaintiff alleges she and a putative class of consumers have been deceived by the term "hypoallergenic" displayed on Arm & Hammer Baby detergent products (the "Products") allegedly manufactured, distributed, advertised, marketed, and sold by Defendant. *See* Ex. A.

## REMOVAL IS TIMELY

3.    Defendant received a copy of the Complaint on or about August 13, 2025[1] and it became ascertainable that the case was removable, including because of the monetary and injunctive relief sought by plaintiff in the Complaint.  Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

## REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d) AND 1453

4.    This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). As detailed below, this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) "the number of members of all proposed plaintiff classes

---

[1] Defendant disputes that it was properly served, but nonetheless files this notice of removal within 30 days of its receipt of the Complaint.

in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6).

**A.    CAFA's numerosity requirement is satisfied**.

5.    CAFA defines a "class action" to include any "mass action." *Id*. § 1332(d)(11)(a).  A "mass action" is any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id*. § 1332(d)(11)(B)(i).

6.    The Complaint alleges that "the members of the Class are so numerous that joinder of all members of the Class is impracticable" and defines the "Class Members" as "All consumers who, within the applicable statute of limitations period, purchased the Products in the State of California (whether on line or in person) manufactured, marketed, distributed, and/or sold by Defendant." Ex. A ¶¶ 35, 38. By Plaintiff's own allegations the purported class would constitute a "mass action" pursuant to Section 1332(d)(11)(B)(i).

**B.    CAFA's minimal diversity requirement is satisfied**

7.    CAFA applies to proposed class actions where the parties are "minimally diverse," meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

8.    Per the Complaint, Plaintiff Davontaya Johnson is a citizen of California (*see* Ex. A ¶ 9).  As discussed below, Defendant is not a California citizen.

9.    Defendant Church & Dwight is a Delaware corporation that maintains its principal place of business at 500 Charles Ewing Boulevard, Ewing, New Jersey 08628. *Id.* ¶ 15.  Therefore, Defendant is a citizen of Delaware and New Jersey.

10.    Accordingly, because Plaintiff and Church & Dwight are citizens of different States, this case meets the minimal-diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**C.    CAFA's amount-in-controversy requirement is satisfied.**

11.  For jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5 million threshold.  *Id*. § 1332(d)(6).  "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

12.  Based on the Complaint, the $5 million threshold is satisfied.

13.  The Complaint seeks, *inter alia*, "compensatory, exemplary, and statutory damages"; injunctive and other equitable relief; disgorgement of profits; restitution; attorneys' fees; and other and further relief.  Ex. A, "Relief Requested".  Church & Dwight disputes that any form of relief is appropriate or warranted, and disputes that exemplary and statutory damages and equitable relief are available in this case, but they are nonetheless in controversy because the Complaint seeks these various forms of relief.

14.  While Plaintiff has not set forth a dollar figure for alleged monetary damages, the Complaint seeks compensatory damages, exemplary damages, and statutory damages, as well as disgorgement of profits and restitution on behalf of "[a]ll consumers who, within the applicable statute of limitations period, purchased the Products in the State of California (whether online or in-person)." Ex. A, ¶¶ 33, 43, "Relief Requested".

15.  Plaintiff's request for attorneys' fees further increase the amount in controversy.  *See Arias*, 936 F.3d at 922 ("when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy"); *Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1160 (N.D. Cal. 2015) ("Attorneys' fees in a class action cannot be allocated solely to those named plaintiffs for purposes of amount in controversy") (citations and quotations omitted).

16.  Moreover, while Church & Dwight disputes that injunctive relief is appropriate or available in this case, in the event it is granted, Church & Dwight would face significant costs of

compliance.  *See Anderson*, 132 F. Supp. 3d at 1161 ("The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant").

17.  The various forms of monetary, equitable, and other relief sought in the Complaint =exceed the $5 million amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2).

18.  Because Church & Dwight has satisfied each of CAFA's jurisdictional requirements, the State Action should be removed to this Court under CAFA.

**VENUE, NOTICE TO STATE COURT, ETC.**

19.  Removal is timely under 28 U.S.C. § 1446(b), because Church & Dwight is removing the State Action within 30 days of receipt of the Complaint.

20.  Venue is proper under 28 U.S.C. § 1441(a) and 1391(b) because the Central District of California includes the county in which this action is pending (San Bernardino County).

21.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Action, which include the summons and complaint, are attached hereto as Exhibit A.

22.  A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit B.  This notice will be promptly provided to the Clerk of the Superior Court of California, County of San Bernardino and served on Plaintiff.

23.  Defendant is filing with the Notice of Removal a completed Civil Cover Sheet and separate Notice of Interested Parties.

24.  Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

**WHEREFORE**, Defendant gives notice that the above-captioned action in the Superior Court of California, County of San Bernardino, has been removed to this Court.

DATED:  September 12, 2025

By:  s/ *Shawn S. Ledingham*
      Shawn S. Ledingham

PROSKAUER ROSE LLP
Shawn S. Ledingham, Jr. (SBN 275268)
sledingham@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Baldassare Vinti (*pro hac vice* forthcoming)
bvinti@proskauer.com
Q. Jennifer Yang (*pro hac vice* forthcoming)
jyang@proskauer.com
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

*Attorneys for Defendant Church & Dwight Co., Inc.*

Exhibit A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
7/28/2025 7:17 PM
By: Jocelin Acosta, DEPUTY

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
15335 Morrison Street, Ste. 3014
Sherman Oaks, California 91403
Tel.:    (213) 401-4100
Fax:    (213) 401-0311
*Email:    mdb@kuzykclassactions.com*

**DENLEA & CARTON LLP**
Jeffrey I. Carton *(pro hac vice forthcoming)*
Craig M. Cepler *(pro hac vice forthcoming)*
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
*Email: jcarton@denleacarton.com*
*Email: ccepler@denleacarton.com*
Tel.:    (914) 331-0100
Fax:    (914) 331-0105

*Counsel for Plaintiff and the Proposed Class*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| **DAVONTAYA JOHNSON, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHURCH & DWIGHT CO. INC.,**<br><br>**Defendant.** | **CASE NO.:**  CIVSB2521769<br><br>**CLASS ACTION**<br><br>(1) **Violations of Unfair Competition Law, California Business & Professions Code § 17200 et seq.**<br>(2) **Violations of False Advertising Law, California Business & Professions Code § 17500**<br>(3) **Violations of California's Consumer Legal Remedies Act**<br>(4) **Damages, Equitable, Declaratory and Injunctive Relief**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Davontaya Johnson ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, Kuzyk Law, LLP, and Denlea & Carton LLP, states as and for her Complaint against defendant Church & Dwight Co., Inc. ("Defendant"), as follows:

## NATURE OF THE ACTION

1.      This action seeks to redress Defendant's false and misleading marketing claims that its Arm & Hammer Hypoallergenic Baby Detergent products in various sizes (the "Product(s)") are "hypoallergenic" when, in fact, they are not.

2.      Allergic contact dermatitis is the fifth most prevalent skin disease in the U.S., exceeding $1.5 billion in direct annual medical costs. As a result, consumers increasingly seek out and rely on terms like "hypoallergenic" when making purchasing decisions about products that may, when used, cause irritation to the skin, especially when shopping for children with skin sensitivities and conditions like eczema.

3.      This case involves Defendant's deceptive and misleading use of the term "hypoallergenic" on the front label of the Products.

4.      That representation is false. The truth is the Products are not hypoallergenic because they contain fragrance chemicals. Fragrance is one of the most common allergens and skin irritants, and a leading cause of allergic contact dermatitis according to the American Academy of Dermatology.

5.      By deceiving consumers about the nature of its Products, Defendant is able to take away market share from competing products and increase its own sales and profits. Reasonable consumers must and do rely on Defendant and its competitors to honestly report the nature of their products. The term "hypoallergenic" communicates to reasonable consumers that a product is specifically formulated to minimize the risk of allergic reactions and is free from common allergens. Defendant's inclusion of fragrance ingredients in the Products directly contradicts this claim.

6.      Consumers, like Plaintiff, who purchased the Products have been deceived by Defendant's false and misleading claims that the Products are hypoallergenic.

7.      As a result of their reliance on Defendant's misrepresentations, Plaintiff and Class

Members (defined below) have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Products or having paid a price premium for the Products as compared to other laundry detergents that do not make the same false and deceptive claims.

8.      Plaintiff brings this action individually and on behalf of similarly situated consumers who purchased the Products during the applicable statute of limitations period (the "Class Period"). Plaintiff seeks to represent a putative California statewide class seeking damages, interest thereon, reasonable attorney fees and costs, restitution, equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business practices, as detailed herein. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the labeling and marketing of the Products. Plaintiff makes these allegations based on her personal knowledge as to herself and her own acts and observations and, otherwise, on information and belief based on the investigation of her counsel.

## THE PARTIES

9.      Plaintiff Davontaya Johnson is a citizen and resident of the State of California, County of San Bernardino. She is a mother and is particularly concerned about buying hypoallergenic products, including laundry detergent, to protect her child who was born less than a year ago.

10.     Plaintiff purchased Defendant's Arm & Hammer Hypoallergenic Baby Detergent online via Amazon in or about October 2024, when she was pregnant and expecting the birth of her child shortly thereafter.

11.     Prior to purchasing the Product, Plaintiff saw and relied on the deceptive representation that the Product was "hypoallergenic" on the front label.

12.     If Plaintiff had known the Product was falsely labeled and was not in fact hypoallergenic, she would not have bought it or, at the very least, would have paid less for it.

13.     In fact, Plaintiff used the Product a few times after her baby was born, but her baby developed a rash, and she stopped.

14.     Plaintiff remains interested in purchasing similar laundry detergents that are truly hypoallergenic, and it is possible that Plaintiff would purchase the Products in the future if the representations were truthful, as Plaintiff continues to buy similar products in the marketplace. However, she cannot know for certain whether the false labeling of the Products has been or will be corrected. The composition of the Products may change over time, but if Defendant continues to make the representations at issue here, then, when presented with false or misleading information while shopping, Plaintiff (and prospective Class Members) will be unable to make informed decisions about whether to purchase the Products. Plaintiff and Class Members are further likely to be repeatedly misled by Defendant's conduct, unless and until Defendant is compelled to ensure that the labeling and marketing of the Products is accurate and no longer has the tendency or capacity to deceive or confuse reasonable consumers.

15.     Defendant Church & Dwight Co., Inc. is a Delaware corporation with its principal place of business in New Jersey at Princeton South Corporate Center, 500 Charles Ewing Boulevard, Ewing, New Jersey 08628.

16.     Defendant is a $4.9 billion S&P 500 company and one of the leading consumer goods companies in the United States. It manufactures, markets, distributes, and sells in California and throughout the United States various personal care, household, and specialty products including products under various well-known consumer brands such as ARM & HAMMER™, Trojan™, First Response™, Nair™, Spinbrush™, OxiClean™, Orajel™, Vitafusion™, Batiste™, XTRA™, WaterPik™, Flawless™ and ZICAM™.

17.     Defendant manufactures, markets, distributes or sells the Products in California and throughout the United States, including, but not limited to, through mass retailers such as Amazon, Walgreens, and Walmart, both in brick-and-mortar stores and online, and is responsible for the marketing, advertising, labeling, and packaging of the Products.

**JURISDICTION & VENUE**

18.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10. Personal jurisdiction over Defendant is proper because Defendant has purposefully availed itself of the privilege of conducting business activities in California including, but not limited to, manufacturing, marketing, distributing, and/or selling the Products to Plaintiff and other prospective Class Members in California, and manufacturing, marketing, distributing, and/or selling many other goods in California.

19.     This class action is brought pursuant to California Code of Civil Procedure § 382. Plaintiff is a California resident. The monetary damages and restitution sought by Plaintiff and prospective Class Members exceed the minimum jurisdictional limits of the Superior Court and will be established according to proof at trial.

20.     Venue is proper in this Court pursuant to California Code of Civil Procedure § 395.5 and California Civil Code § 1780 because Plaintiff purchased the Product in San Bernardino County and for delivery to her home in San Bernardino County.

**ADDITIONAL FACTUAL ALLEGATIONS**

21.     Many companies, like Defendant, have become prolific manufacturers, marketers, distributors and sellers of so-called "hypoallergenic" personal care products and household products like laundry detergents. However, California and federal regulators have not defined or regulated the term "hypoallergenic," resulting in sellers freely advertising with that term to imply safety and health benefits to unsuspecting consumers.

22.     Given the increased prevalence of allergic contact dermatitis and other skin conditions, consumers increasingly seek the presence of such terms on product labels when shopping for themselves and their children. Those who do not already suffer from skin allergies seek hypoallergenic products to avoid developing skin allergies. Those who do suffer from skin allergies,

1  or with children who suffer from skin allergies, seek hypoallergenic products to avoid unknown

2  and/or hidden allergens that will exacerbate or prolong their conditions.

3      23.    Vulnerable consumers, such as parents of children with skin sensitivities and

4  individuals with histories of allergic reactions, are thus subject to exploitation by manufacturers of

5  these products because they are willing to pay more for products labeled "hypoallergenic."

6      24.    In a recent proposed class action asserting California consumer statutory claims

7  (California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL), and Consumer

8  Legal Remedies Act ("CLRA")) that are analogous to those asserted in this complaint, U.S. District

9  Judge Daniel J. Calabretta of the U.S. District Court for the Eastern District of California sustained

10 claims, like here, that labeling the front of a product as "hypoallergenic" (there Unilever Vaseline

11 brand products) is false and deceptive when the product contained a fragrance ingredient, a known

12 allergen. *See Timmins v. Unilever United States, Inc.*, 2025 U.S. Dist. LEXIS 106240, *7-11 (E.D.

13 Cal.. June 4, 2025).

14     25.    Judge Calabretta concluded in *Timmins* that "Plaintiff plausibly states that reasonable

15 consumers would interpret the Product's representation of 'hypoallergenic' as meaning the Product is

16 'specifically formulated to minimize the risk of allergic reactions and is free from common

17 allergens.' Because the Product allegedly contains a common allergen, Plaintiff plausibly shows that

18 'members of the public are likely to be deceived' by the Product's claim of being 'hypoallergenic.'"

19 2025 U.S. Dist. LEXIS 106240, *9-10 (internal citations omitted).

20     26.    "Moreover, because reasonable consumers would not require more information

21 before reasonably concluding that the front label was making a specific representation, the Court

22 cannot consider the back label." 2025 U.S. Dist. LEXIS 106240, *10. Thus, the *Timmins* Court held

23 that "Plaintiff's claims satisfy the reasonable consumer standard" and denied the defendant's motion

24 to dismiss the *Timmins* plaintiff's UCL, FAL, and CLRA claims. 2025 U.S. Dist. LEXIS 106240,

25 *11. Any motion to dismiss by Defendant here would be equally futile.

26     27.    The front label of the Products represent to consumers that the Products are

27 "Hypoallergenic Detergent" as shown, for example, here with a blue arrow added to the image by

28 Plaintiff's counsel to point to the "hypoallergenic" representation:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



28.     Merriam-Webster defines "hypoallergenic" as "having little likelihood of causing an allergic response," while Dictionary.com defines the term as "designed to reduce or minimize the possibility of an allergic response . . . ".

29.     On the back label of the Products, hidden in small print that reasonable consumers are not likely to notice among a plethora of other images and printed language, Defendant lists "fragrances" as an ingredient among a number of other ingredients. An example of the back label of the Product is shown here and Plaintiff's counsel has added the blue arrow to the image to highlight the reference to "fragrances" as among the ingredients.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



25    30.    Therefore, Defendant's front label representations are false and misleading. Contrary

26  to Defendant's material representations, the Product is not hypoallergenic if it contains fragrance.

27
28

31.     Defendant's false, misleading, and deceptive misrepresentations are likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

32.     As a result of their reliance on Defendant's "hypoallergenic" claim, consumers have suffered an ascertainable loss of money, including, but not limited to, out of pocket costs incurred in purchasing the Products. Further, as a result of its deceptive marketing and unfair competition with other similar manufacturers and brands, Defendant undoubtedly realized sizable profits.

## **CLASS DEFINITION AND ALLEGATIONS**

33.     Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated as members of the proposed Class pursuant to California Code of Civil Procedure § 382.

34.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

35.     The class Plaintiff seeks to represent (the "Class Members") is defined as:
All consumers who, within the applicable statute of limitations period, purchased the Products in the State of California (whether online or in-person) manufactured, marketed, distributed, and/or sold by Defendant, which Products Defendant represented and warranted as "hypoallergenic" (the "Class Products").

36.     Excluded from the class are (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and the Judge's staff; (3) and the Judge sitting in the presiding state and/or federal court system who may hear an appeal of any judgment entered; and (4) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to amend the Class definitions if further discovery or further investigation reveal that the Class should be expanded or otherwise modified.

37.     There is a well-defined community of interest in the litigation and the Class is readily ascertainable.

38.    **Numerosity**. This action is appropriately suited for a class action. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed, believes, and thereon alleges, that the proposed Class contains thousands of purchasers of the Class Product who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

39.    **Existence and Predominance of Common Questions of Law and Fact**. This action involves questions of law and fact common to the Class. The common legal and factual questions include, but are not limited to, the following:

    a.    Whether Defendant's conduct, as alleged herein, constitutes a violation of Cal. Bus. & Prof. Code § 17200, *et. seq.*;

    *b.*    Whether Defendant violated California Consumer Legal Remedies Act (Cal. Civil Code §§ 1750 *et seq.;*

    *c.*    Whether Defendant violated California Business and Professions Code §§ 17500 *et seq.*

    d.    Whether Defendant's labeling, advertising, marketing, and/or selling of the Class Products was and/or is false, fraudulent, deceptive, and/or misleading;

    e.    Whether the Class Products at issue were misbranded or mislabeled as a matter of law;

    f.    Whether representations that the Class Products are "Hypoallergenic" are material to a reasonable consumer;

    g.    Whether Class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages, plus interest thereon and, if so, the nature and scope of such relief.

40.    **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class members have been injured through the uniform misconduct described above and were subject to Defendant's misrepresentations. Moreover, Plaintiff's claims are typical of the Class members' claims. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

41.    **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff purchased a Class Product, and she was harmed by Defendant's deceptive misrepresentations. Plaintiff has therefore suffered an injury in fact as a result of Defendant's conduct, as did all Class members who purchased Class Products. Plaintiff has

retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

42.    **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs done to him or her. Further, even if the Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

43.    Plaintiff seeks, on behalf of herself and the entire Class, monetary damages, including statutory damages, and all other relief available including restitution and/or injunctive or other equitable relief to the extent that they do not have an adequate remedy at law on any of their claims. Unless a Class is certified, Defendant will be allowed to profit from its deceptive practices, while Plaintiff and the members of the Class will have suffered damages.

## COUNT I

### Violation of the Consumer Legal Remedies Act ("CLRA") Cal. Civ. Code § 1750, *et. seq.*

44.    Plaintiff hereby incorporates by reference the allegations contained in the paragraphs set forth above as though fully set forth herein.

45.    At all relevant times, Plaintiff was a "consumer" as defined by Cal. Civ. Code § 1761(d).

46. At all relevant times, the Class Products were "goods" as defined by Cal. Civ. Code § 1761(a).

47. At all relevant times, Defendant was a "person" as defined by Cal. Civ. Code § 1761(c).

48. Cal. Civ. Code § 1770(a) prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]"

49. Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices proscribed by Cal. Civ. Code § 1770(a) in connection with the transactions intended to result in, and that did result in, the sale of the Class Products at issue herein to Plaintiff and members of the Class in violation of, *inter alia*, the following provisions:

    a. Representing the goods and services have characteristics, uses, or benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

    b. Representing the goods and services are of a particular standard, quality, or grade if they are of another (Cal. Civ. Code § 1770(a)(7)); and

    c. Advertising goods and services with the intent not to sell them as advertised (Cal. Civ. Code § 1770(a)(9)).

50. Plaintiff and members of the class are reasonable consumers who expected the Products to have the characteristics as represented and/or would have considered the omitted facts detailed herein material to their purchasing decisions.

51. The representations regarding the Products were material to Plaintiff and members of the Class. Defendant intended that Plaintiff and Class members would rely on these representations, and they did, in fact, rely on the representations.

52. As a result of Defendant's conduct and unfair or deceptive acts or practices, Plaintiff and the class suffered actual damages in that the Products are not as advertised and are not worth the amount paid, and Defendant has deprived Plaintiff and the class of the benefit of their bargain.

53. Pursuant to Cal. Civ. Code § 1782, Plaintiff notified Defendant in writing by certified mail served in conjunction with this Complaint of its violations of § 1770 described above and

demanded that it correct the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to do so. If Defendant does not agree to rectify the problems identified and give notice to all affected consumers within 30 days of the date of written notice, Plaintiff will amend this Complaint to seek actual, punitive and statutory damages, as appropriate.

## COUNT II

### Violation of the False Advertising Law ("FAL")
### Cal. Bus. & Prof. Code § 17500, *et seq.*

54.    Plaintiff hereby incorporates by reference the allegations contained in the paragraphs set forth above as though fully set forth herein.

55.    Defendant made untrue, false, deceptive, and/or misleading statements in connection with the advertising and marketing of the Class Products.

56.    Defendant made representations that led reasonable consumers to believe that the Class Products are "Hypoallergenic" when in fact they are not.

57.    Defendant knew or should have known, through the exercise of reasonable care, that its representations were false and misleading, and likely to deceive consumers and cause them to purchase Defendant's products.

58.    Plaintiff and the Class members relied to their detriment upon Defendant's false, misleading, and deceptive advertising and marketing practices. Had Plaintiff and the members of the Class been adequately informed and not intentionally deceived by Defendant, they would have refrained from purchasing the Class Products or paid less for them.

59.    Defendant's acts and omissions are likely to deceive the general public.

60.    Defendant engaged in these false, misleading, and deceptive advertising practices to increase its profits.

61.     Defendant has engaged in false advertising, as defined and prohibited by Section 17500, *et seq.* of the California Business and Professions Code.

62. As a direct and proximate result of such actions, Plaintiff and the Class are entitled to full restitution of all monies acquired by Defendant as a result of its false, misleading, and deceptive advertising practices, and such other relief as may be afforded by the FAL.

## COUNT III

### Violation of the Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200, *et seq.*

63. Plaintiff hereby incorporates by reference the allegations contained in contained in the paragraphs set forth above as though fully set forth herein.

64. California's Unfair Competition Law ("UCL") defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

65. Plaintiff and other Class Members are reasonable consumers who expect manufacturers, like Defendant, to provide accurate and truthful representations regarding the benefits of their products. Reasonable consumers, like Plaintiff, rely on those representations in determining whether to purchase a particular product and consider that information important to their purchasing decisions.

66. Defendant violated the UCL by misrepresenting that the Class Products are "Hypoallergenic" when in fact they are not.

67. By engaging in the above-described acts and practices, Defendant has committed an unfair business practice within the meaning of the UCL. Consumers suffered substantial injury they could not reasonably have avoided other than by not purchasing the Class Products.

68. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation. The acts and practices of Defendant are unlawful business acts and practices by virtue of violations of Cal. Civ. Code § 1750 *et seq.* and Cal. Bus. & Prof. Code §§ 17500, *et seq.*

69. Plaintiff and the other Class Members had no way of reasonably knowing that the Class Products' representations were false. Thus, they could not reasonably have avoided the injury each of them suffered.

70.     As a result of the conduct described above, Defendant has been unjustly enriched at the expense of Plaintiff and the members of the Class. Specifically, Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading, and deceptive conduct. Additionally, Plaintiff and the Class seek all relief available under the UCL including restitution if monetary damages are not available.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that the Court enter judgment against Defendant as follows:

A.     An order certifying this action as a class action as soon as practicable, with the Class as defined above, designating Plaintiff as the named Class representative, and designating the undersigned as Class Counsel.

B.     An award to Plaintiff and Class Members for compensatory, exemplary, and statutory damages, including interest;

C.     A declaration requiring Defendant to comply with various provisions of California's False Advertising Law and CLRA alleged herein and to make all the required representations;

D.     A declaration that the Defendant must disgorge, for the benefit of Class Members, all or part of the ill-gotten profits it received from the sale of the Products;

E.     An order of restitution;

F.     All other forms of injunctive or other equitable relief necessary to provide remedies to Plaintiff and Class Members and remedy Defendant's misconduct;

G.     An award of attorney's fees and costs, as allowed by law;

H.     An award of pre-judgment and post-judgment interest, as provided by law;

I.     Leave to amend the complaint to conform to the evidence produced at trial; and

J.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 28, 2025

Respectfully submitted,

Michael D. Braun
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone: (213) 401-4100
Email: mdb@kuzykclassactions.com

-and-

**DENLEA & CARTON LLP**
Jeffrey I. Carton
Steven R. Schoenfeld
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jcarton@denleacarton.com
sschoenfeld@denleacarton.com

*Counsel for Plaintiff and the Proposed Class*

**KUZYK LAW, LLP**
Michael D. Braun (SBN 167416)
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:      (213) 401-4100
Facsimile: (213) 401-0311
Email:      mdb@kuzykclassactions.com

**DENLEA & CARTON LLP**
Jeffrey I. Carton (pro hac vice forthcoming)
Steven R. Schoenfeld (pro hac vice forthcoming)
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Email:      jcarton@denleacarton.com
Email:      sschoenfeld@denleacarton.com
Tel.:      (914) 331-0100
Fax:      (914) 331-0105

*Counsel for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| **DAVONTAYA JOHNSON, on behalf of herself and all others similarly situated,** | **CASE NO.:** |
| **Plaintiff,** | **CLASS ACTION** |
| **v.** | **CLRA VENUE DECLARATION OF MORGAN GORY PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)** |
| **CHURCH & DWIGHT CO. INC.,** **Defendant** | |

I, Davontaya Johnson, declare as follows:

1.      I am a Plaintiff in the above-captioned action.

2.      I have personal knowledge of the facts stated here as to myself and I believe them to be true as to Defendant and, if called upon to do so, could competently testify to them.

3.      I submit this declaration in support of the Class Action Complaint, which is based in part on violations of the Consumer Legal Remedies Act, California Civil Code section 1750 et seq.

4.      The Class Action Complaint has been filed in the proper place for trial of this action.

5.      To the best of my knowledge, Defendant regularly conduct business in the State of California.

6.      A substantial part of the conduct, representations, and omissions giving rise to the violations of law alleged herein occurred in this District.

7.      My residence is in San Bernardino, California, located within this judicial District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __25__th day of July 2025, in San Bernardino, California.

DocuSigned by:

*Davontaya Johnson*

52F2347C72F3434...

Davontaya Johnson



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| *COMPLEX CLASS ACTION* JOHNSON -v-  CHURCH & DWIGHT CO. INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number<br>CIVSB2521769 |

Kuzyk Law, Llp
15335 Morrison Street Suite 3014
Sherman Oaks Ca  91403

mdb@kuzykclassactions.com

Please take notice that the above-entitled case has been set for a Case Management Conference.  You must appear at this hearing or your case may be dismissed and monetary penalties may be imposed.

Appearance Date:  :  2/4/2026 at 8:30 a.m. in Department Department S32 - SBJC

This case has been assigned to Judge Wilfred J Schneider, Jr. in Department Department S32 - SBJC for all purposes.

Your Joint Statement must be filed, directly in the Complex Litigation Department, 5 calendar days prior to the hearing.

To the party served:  The setting of this date **does not** increase the time you have to respond to the petition.  The time for response is clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for further information.  The guidelines may be found at the Court website:  http://www.sb-court.org

**A copy of this notice must be served on the respondent.**

Date:  8/4/2025

Anabel Z. Romero
By:   Jocelin Acosta _____
Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

☒ A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  8/4/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 8/4/2025 at San Bernardino.

By:   Jocelin Acosta _____



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| *COMPLEX CLASS ACTION* JOHNSON -v-  CHURCH & DWIGHT CO. INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number<br>CIVSB2521769 |

Kuzyk Law, Llp
15335 Morrison Street Suite 3014
Sherman Oaks Ca  91403

mdb@kuzykclassactions.com

Please take notice that the above-entitled case has been set for a Case Management Conference.  You must appear at this hearing or your case may be dismissed and monetary penalties may be imposed.

Appearance Date:  :  2/4/2026 at 8:30 a.m. in Department Department S32 - SBJC

This case has been assigned to Judge Wilfred J Schneider, Jr. in Department Department S32 - SBJC for all purposes.

Your Joint Statement must be filed, directly in the Complex Litigation Department, 5 calendar days prior to the hearing.

To the party served:  The setting of this date **does not** increase the time you have to respond to the petition.  The time for response is clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for further information.  The guidelines may be found at the Court website:  http://www.sb-court.org

**A copy of this notice must be served on the respondent.**

Date:  8/4/2025

Anabel Z. Romero
By:  ___Jocelin Acosta_____
Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

☒ A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  8/4/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 8/4/2025 at San Bernardino.

By:  ___Jocelin Acosta_____

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHURCH & DWIGHT CO. INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVONTAYA JOHNSON, on behalf of herself and all others similarly situated

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
8/12/2025
By: Mariah Mora, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of San Bernardino

247 West Third Street, San Bernardino, CA 92415-0210

**CASE NUMBER:**
*(Número del Caso):*
CIVSB2521769

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael D. Braun (167416), Kuzyk Law, 15335 Morrison St. Ste 3014, Sherman Oaks, CA 91403, 213-401-4100

DATE:          8/12/2025          Clerk, by     /s/ Mariah Mora          , Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Davontaya Johnson

Case No.: CIVSB2521769

vs.

**CERTIFICATE OF ASSIGNMENT**

Church & Dwight Co. Inc.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General      ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district                                    . |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other Fraud | The Plaintiff resides within the District |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Davontaya Johnson
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR

246 E 16TH ST
ADDRESS

San Bernardino
CITY

CA
STATE

92404
ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 7/28/25 at Los Angeles, California                                    , California.

Signature of Attorney/Party

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael D. Braun (167416)<br>Kuzyk Law, LLP, 15335 Morrison St. Ste 3014, Sherman Oaks, CA 91403<br><br>TELEPHONE NO.: 213-401-4100     FAX NO.: 213-401-0311<br>EMAIL ADDRESS: mdb@kuzykclassactions.com<br>ATTORNEY FOR *(Name):* DAVONTAYA JOHNSON | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>7/28/2025 7:17 PM<br>By: Jocelin Acosta, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: Civil Division of the San Bernardino District

CASE NAME:
MORGAN GORY, et al. v. VENUS LABORATORIES, INC., dba EARTH FRIENDLY PRODUCTS

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>CIVSB2521769 |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount demanded exceeds $35,000) | [ ] **Limited**<br>(Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 7:UCL, FAL, CLRA
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 28, 2025
Michael D. Braun
_____
(TYPE OR PRINT NAME)         ▶      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Exhibit B

1   PROSKAUER ROSE LLP
    Shawn S. Ledingham, Jr. (SBN 275268)
2   sledingham@proskauer.com
    2029 Century Park East, Suite 2400
3   Los Angeles, CA 90067-3010
    Telephone: (310) 557-2900
4   Facsimile: (310) 557-2193

5   *Attorney for Defendant Church & Dwight Co., Inc.*

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
           **FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT**
9

10  DAVONTAYA JOHNSON,                      Case No. CIVSB2521769
    on behalf herself and all others similarly
11  situated,                               **DEFENDANT'S NOTICE TO**
                                            **ADVERSE PARTY OF REMOVAL**
12              Plaintiff,                   **OF ACTION TO UNITED STATES**
                                            **DISTRICT COURT**
13      v.
                                            Hon. Wilfred J. Schneider
14  CHURCH & DWIGHT CO. INC.,
                                            Action Filed: July 28, 2025
15              Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

                    NOTICE TO ADVERSE PARTY OF REMOVAL

TO PLAINTIFF DAVONTAYA JOHNSON AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 12, 2025, Defendant Church & Dwight Co., Inc. removed the above-entitled case to the United States District Court, Central District of California.  True and correct copies of the Notice of Removal and supporting documents are collectively attached hereto as Exhibit A.


DATED:  September 12, 2025                    By: _____.
                                                  Shawn S. Ledingham

PROSKAUER ROSE LLP
Shawn S. Ledingham, Jr. (SBN 275268)
sledingham@proskauer.com
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

*Attorney for Defendant Church & Dwight Co., Inc.*